Argued April 1; affirmed April 13, 1948

# BOTHE *v.* BOTHE

192 P. (2d) 256

*F. Leo Smith,* of Portland, argued the cause and filed a brief for respondent.

*Earl A. Fewless,* of Portland, argued the cause for appellant. With him on the brief was E. R. Trayle, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, KELLY, BAILEY and BRAND, Justices.

KELLY, J.

The alleged cruel and inhuman treatment upon which plaintiff bases her suit for divorce is set forth in paragraph III of her amended complaint as follows:

"Defendant has been cruel and inhuman to the plaintiff, causing her life to become burdensome, in the following particulars:

1. He would, without justification, address severe, caustic and ungentlemanly language toward the plaintiff, telling her to 'get out of the house' and to 'get a divorce';

2. He caused his mother to live in the same home with the plaintiff and defendant, when he knew that the plaintiff could not live harmoniously with the mother; and

3. He would allow his mother to make cutting remarks concerning the plaintiff and he would show favor to his mother and against the plaintiff."

■ While there are variances in the respective recitals of the parties plaintiff and defendant, there is practically no contradiction by defendant of the salient, basic, pertinent facts reflected in plaintiff's testimony, plaintiff and defendant being the only witnesses at the trial except an attorney who testified only as to what he deemed to be a reasonable attorney's fee to be allowed plaintiff.

No good purpose would be served by recording the testimony here, although it has received our careful consideration.

It is clearly a case of an oversupply of mother-in-

law, that is, a case of an affectionate mother and dutiful son overshadowing and distressing plaintiff in the home where plaintiff rightfully should have been recognized as the mistress.

The learned and experienced trial judge had the advantage of seeing and hearing the witnesses; and, as stated, decided the issues in plaintiff's favor.

We think no error was committed by the trial court in thus disposing of the case.

■ An application has been made by plaintiff for an additional allowance for attorney's fee upon appeal. We think that such an allowance in the sum of $100.00 should be made. There are special circumstances attendant upon the instant case which deter us from allowing as much as we ordinarily do for an appearance by an attorney in this court.

The decree of the trial court is affirmed and plaintiff is awarded judgment against defendant in the sum of $100.00, as attorney's fee upon this appeal, and is also awarded judgment for her costs and disbursements herein.